UNITED STATES DISTRICT COURT

**FILED**

JUN 3 0 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| Joel J. Beavers, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. **10 1120** |
| | ) |
| Keith Watters *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues two attorneys apparently for the second time. *See* Compl. Attachments (docket of *Beavers v. Hill*, Civ. Action No. 03-284). One defendant resides or works in the District of Columbia. Like the previous complaint dismissed for lack of subject matter jurisdiction, the current complaint presents neither a federal question nor a basis for diversity jurisdiction because the plaintiff and one defendant reside in the same

state. A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: June ___, 2010